IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Jones, | C/A No.: 1:19-2118-JFA-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| The BOP Director, Atwater USP, Victorville USP, McCreary USP, Pollock USP, Allenwood USP, Terre Haute, and Beaumont USP, | |
| Defendants. | |

William Jones ("Plaintiff"), proceeding pro se, filed this complaint against the Director of the Federal Bureau of Prisons ("BOP") and seven BOP institutions (collectively "Defendants"), alleging they have misclassified him as a sex offender and public safety threat and have violated his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual Background

Plaintiff is a federal inmate incarcerated in Texas. [*See* ECF No. 1 at 12]. He alleges his misclassification has followed him through his incarceration at seven separate BOP institutions, despite the judge who sentenced him

allegedly refuting the classification in a letter provided to Defendants. *Id.* at 2.

Plaintiff further alleges Defendants have denied him proper medical care, forced him to eat and drink poison, and pumped smoke into his cell. *Id.* at 3–5, 7. He asserts Defendants are retaliating against him because of the existence of "a hit out on him." *Id.* at 4–5.

Plaintiff seeks immediate release, injunctive relief, and monetary damages. *Id.* at 5.

II. Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.

*Iqbal*, 556 U.S. at 678–79.

    1.    *Bivens* Claims

Plaintiff's claims for monetary damages because of constitutional wrongdoing by federal agents fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* action is a judicially-created damages remedy designed to vindicate violations of constitutional rights by federal actors. *See id.* at 395–97. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Thus, a *Bivens* action will not lie against either federal agencies or officials in their official capacity. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to state a claim under *Bivens* because he fails to allege constitutional wrongdoing by individual federal officers. Accordingly, he has not shown entitlement to monetary damages.

    2.    Other Pleading Deficiencies

Plaintiff alleges Defendants have misclassified him, denied him medical treatment, and otherwise subjected him to unconstitutional conditions of

confinement. However, Plaintiff fails to allege essential elements of his claims.

Regarding Plaintiff's challenge to his classification, "[t]he federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (quotations omitted). Rather, Congress has delegated inmates' custody classification and placement in BOP programs and facilities to the full discretion of federal prison officials. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff fails to allege his classification has caused some other unconstitutional harm, is not within the sentence imposed, or is unsupported by BOP's classification policies.

Regarding Plaintiff's claim of inadequate medical care, to establish an Eighth Amendment violation, Plaintiff must show Defendants exhibited "deliberate indifference" to his "serious medical needs." *Farmer*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A claim of deliberate medical indifference requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be

5

intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff fails to allege his condition or symptoms and how Defendants failed to address his ailments. Rather, Plaintiff's complaint suggests Defendants have assessed his complaints and that he disagrees with either the diagnosis or course of treatment. Mere disagreement between an inmate and a physician over the appropriate form of treatment is not an actionable claim and questions of medical judgment are generally not subject to judicial review. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (noting disagreements between an inmate and doctor over the inmate's medical care do not state an actionable claim absent exceptional circumstances); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) (noting an inmate's allegations of unreasonable medical care "must reach constitutional dimension before a federal court will interfere with the internal operations" of a penal facility and that "[q]uestions of medical judgment are not subject to judicial review").

Plaintiff has not challenged applicable BOP guidelines regarding his medical treatment such that his claim could possibly fall under the Administrative Procedures Act. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (finding prisoner's claim of inadequate medical treatment and request for transfer to a prison medical facility could only survive as a civil rights claim, Federal Tort Claims Act claim against the United States, or an

6

Administrative Procedures Act challenge to the BOP guidelines on treatment of his condition).

Regarding Plaintiff's challenge to the conditions of his confinement, he provides only conclusory allegations and no factual support. In addition, Plaintiff fails to state whether the challenged conditions exist at his current place of confinement or one of the other six named institutions.

   3. Release From Detention Unavailable in Civil Rights Action

Plaintiff also seeks immediate release from custody. [ECF No. 1 at 5]. Release from detention is not available relief in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Accordingly, this action, even if successful, would not entitle Plaintiff to release.

For these reasons, Plaintiff's complaint is subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by August 23, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

August 2, 2019                 Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge