IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Jones, # 25468-171 | C/A No.: 1:19-2118-JFA-SVH |
| Plaintiff, | |
| vs. | |
| The BOP Director, the Wardens at All Seven Institutions, Atwater USP, Victorville USP, McCreary USP, Pollock USP, Allenwood USP, Terre Haute USP, Beaumont USP, R. Maldanado, and B. Eberle, | REPORT AND RECOMMENDATION |
| Defendants. | |

William Jones ("Plaintiff"), proceeding pro se, filed this complaint against the Director of the Federal Bureau of Prisons ("BOP Director"), seven named BOP institutions ("BOP Institutions"), Associate Warden R. Maldonado ("Associate Warden"), and Psychologist B. Eberle ("Psychologist") (collectively "Defendants"), alleging they violated his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge transfer this case to the United States District Court for the Eastern District of Texas.

I.  Factual and Procedural Background

Plaintiff is a federal inmate who was incarcerated at United States Penitentiary ("USP") Beaumont[1] when he filed his amended complaint. [ECF No. 9 at 2]. Plaintiff brought this action seeking relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). He alleges he has been improperly classified as a sex offender and public safety threat, subjected to poor prison conditions, and refused proper medical and mental health treatment at BOP Institutions. *Id.* at 4–7, 10. He claims Psychologist is connected to a confidential informant who set him up. *Id.* at 6. He claims Associate Warden was aware of violations of his civil rights and refused to assist him. *Id.* Plaintiff requests the court permit him to speak with a federal investigator, award him $17 million in damages, refer him for a full-body examination outside the BOP, authorize him to receive federal protection, and immediately release him. *Id.* at 7.

Plaintiff filed his complaint on July 29, 2019. [ECF No. 1]. On August 2, 2019, the court notified Plaintiff of pleading deficiencies and granted him an opportunity to cure the deficiencies through an amended complaint. [ECF No. 5]. The court also ordered Plaintiff to pay the filing fee or complete an application to proceed in forma pauperis and to complete necessary service

---

[1] Plaintiff's most recent correspondence with the court reflects a return address of United States Penitentiary, P O Box 24550, Tucson, AZ 85734 (USP Tucson). [ECF No. 15-1].

documents. [ECF No. 4]. Both orders alerted Plaintiff his failure to comply by August 23, 2019, could subject his case to summary dismissal. [ECF No. 4 at 1; ECF No. 5 at 4–5]. The mail was returned to the court as "not deliverable as addressed" on August 13, 2019. [ECF No. 7]. The Clerk's Office modified the mailings to reflect Plaintiff's correct prisoner number on August 13, 2019. [ECF No. 8]. Plaintiff filed an amended complaint on August 23, 2019. [ECF No. 9].

II.  Discussion

    A.  Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set

forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A review of Plaintiff's amended complaint reveals venue to be inappropriate in the District of South Carolina. Plaintiff provides addresses for Associate Warden and Psychologist in Beaumont, Texas. [ECF No. 9 at 3]. The other defendants are the BOP Director and the wardens of USP Atwater (California), USP Victorville (California), USP McCreary (Kentucky), USP Pollock (Louisiana), USP Allenwood (Pennsylvania), USP Terre Haute (Indiana), and USP Beaumont (Texas). *Id.* at 1; *see also* Federal Bureau of Prisons, https://www.bop.gov/locations/list.jsp (last visited Oct. 1, 2019).[2]

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. If a case is

---

[2] A court may take judicial notice of factual information located in postings on government websites. *See Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

filed in the wrong venue, a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts to transfer cases brought in the wrong venue to any district or division in which they could have been brought "if it be in the interest of justice"). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

Plaintiff names no defendants who reside in South Carolina and alleges no events or omissions that gave rise to his claim occurred in this district. Therefore, venue under 28 U.S.C. § 1391 is not appropriate in the District of South Carolina.

Defendants Associate Warden and Psychologist are residents of Texas for purposes of venue,[3] and Plaintiff alleges a substantial part of the events or omissions giving rise to the claim occurred at USP Beaumont in Texas.

---

[3] For the purposes of venue, a defendant entity shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

Therefore, the appropriate venue in this case appears to be the United States District Court for the Eastern District of Texas. [ECF No. 1]. The convenience of the parties and interests of justice are better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Texas.[4]

IT IS SO RECOMMENDED.

October 1, 2019                                 Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] The undersigned notes Plaintiff has not paid a filing fee, requested to proceed in forma pauperis, or provided documents for service of process. The Eastern District of Texas may choose to address these deficiencies upon transfer.

6

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).