IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Jones, # 25468-171, | C/A No. 1:19-2118-JFA-SVH |
| Plaintiff, | |
| vs. | **ORDER** |
| The BOP Diresctor, the Wardens at all Seven Institutions, Atwater USP, Victorville USP, McCreary USP, Pollock USP, Allenwood USP, Terre Haute USP, Beaumont USP, R. Maldanado, and B. Eberle, | |
| Defendants. | |

## I. INTRODUCTION

The *pro se* plaintiff, William Jones, commenced this action seeking relief for alleged violations of his constitutional rights pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is an inmate in Arizona and has asserted this action against multiple defendants including several BOP institutions in various states. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

After reviewing all pleadings in this action, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

District of South Carolina is not the appropriate venue for this action and this case should be transferred to the United States District Court for the Eastern District of Texas. (ECF No. 18).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on October 28, 2019.[2] (ECF No. 22). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

---

[2] Although these "objections" are untimely, they will be considered nonetheless because their inclusion herein does not affect the decision issued below.

2

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

Plaintiff's "objections" contain no arguments that could be considered a specific objection to the Report. Moreover, these objections fail to reference any portion of the Report or reasoning provided by the Magistrate Judge. Instead, Plaintiff merely voices his frustration with the Magistrate Judge and Federal Judiciary in general. None of these general and conclusory statements direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations and are therefore not specific objections which would warrant *de novo* review. Nowhere in Plaintiff's objections does he reference

or cite to the Magistrate Judge's reasoning for recommending a transfer to the appropriate venue.

In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Thus, Plaintiff's objections are not specific and do not warrant *de novo* review.

**IV.  CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 18). Consequently, this case is hereby transferred to the United States District Court for the Eastern District of Texas.[3]

IT IS SO ORDERED.

November 1, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] As noted by the Magistrate Judge, Plaintiff has not paid a filing fee, requested to proceed in forma pauperis, or provided documents for service of process. The Eastern District of Texas may choose to address these deficiencies upon transfer.